# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| David Barclay, <br><br> Plaintiff, <br><br> vs. <br><br> US Bank Home Mortgage, <br> a foreign corporation, <br><br> Defendant. | Case No.: <br><br><br> **COMPLAINT** <br><br><br> **JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, DAVID BARCLAY, BY AND THROUGH COUNSEL, Matthew Landreau, Esq. and for his Complaint against the Defendant, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Irondale, Jefferson County, Alabama.

4. Venue is proper in the Northern District of Alabama, Southern Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Irondale, Jefferson County, Alabama.

6. The Defendant to this lawsuit is US Bank Home Mortgage, ("USBHM") which is a foreign corporation, that conducts business in the state of Alabama.

7. Equifax Information Services, LLC ("Equifax") is not a party to this suit as Plaintiff and Equifax have settled separately.

## GENERAL ALLEGATIONS

8. USBHM is inaccurately reporting its tradeline ("Errant Tradeline") with erroneous scheduled monthly payment amount of $678.00 on Plaintiff's Equifax credit disclosure.

9. The account reflected by the Errant Tradeline is closed with $0.00 balance. Plaintiff no longer has an obligation nor the right to make monthly payments to USBHM such as to bring the account current.

10. The Errant Tradeline should be reported by USBHM with a monthly payment of $0.00.  Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.  The current reporting is false and misleading.

11. On January 1, 2020, Plaintiff obtained his Equifax credit disclosure. While reviewing his credit disclosure, Plaintiff noticed the Errant Tradeline inaccurately reporting with erroneous monthly payment amount.

12. On or about January 3, 2020, Plaintiff submitted a letter to Equifax, disputing the Errant Tradeline.

13. In his dispute letter, Plaintiff explained that he does not owe the recurring payment reflected by the Errant Tradeline. Plaintiff no longer has an obligation to make monthly payments to USBHM. Plaintiff asked Equifax to report the Errant Tradeline with the monthly payment amount of $0.00.

14. Equifax forwarded Plaintiff's consumer dispute to USBHM.

15. USBHM received Plaintiff's consumer dispute from Equifax.

16. USBHM did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

17. Plaintiff had not received Equifax's investigation results. Therefore, on March 13, 2020, Plaintiff obtained his Equifax credit disclosure, which showed that

USBHM failed or refused to report the scheduled monthly payment as $0.00 on the Errant Tradeline.

18. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY USBHM**

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Equifax of Plaintiff's consumer dispute of the scheduled monthly payment amount, USBHM negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

21. USBHM negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

22. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax, to which it is reporting such tradeline.

23. As a direct and proximate cause of USBHM's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

24. USBHM is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

25. Plaintiff has a private right of action to assert claims against USBHM arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant USBHM for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY USBHM

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, USBHM willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to report the Errant Tradeline with a $0.00 monthly payment amount.

28. USBHM willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

29. As a direct and proximate cause of USBHM's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. USBHM is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant USBHM for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: July 31, 2020

By: ***/s/Matthew Landreau***
Matthew Landreau
Bar Number 4710-A22L
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-mail: matt@crlam.com
*Attorneys for Plaintiff,*
*David Barclay*